## FEBRUARY TERM, 1883. 719

Nichols *vs.* Whelchel *et al.*; Rolin *vs.* The State of Georgia.

a criminal case as to prove the main ingredients of the crime, but no more.

(*a.*) In this case the judge charged that the venue must be established beyond a reasonable doubt, and gave the defendant the full benefit of that doctrine. The charge is full, able, clear and comprehensive, and is the law of the case.

Judgment affirmed.

March 27, 1883.

JACKSON, Chief Justice.

---

## NICHOLS *vs.* WHELCHEL *et al.*

1. The record in this case is unsatisfactory; the testimony fails to show all the facts necessary to a proper adjudication of the rights of the parties, but it shows enough to require a new trial.

(*a.*) The judgments under which a sale was made, by virtue of which claimant claims in this case, were rendered in cases commenced to enforce a mechanic's lien, but in what manner does not appear; nor is it apparent how a general judgment was obtained in a case begun by a seizure under a *fi. fa.* issued on a mechanic's lien.

2. Where a judgment rendered in 1876 was in 1879 levied on certain land, to which a claim was interposed by one claiming title under a sheriff's deed made in 1874, the plaintiff in the last judgment attacking the former sale as void, it was error calculated to mislead the jury for the court to charge that, if the claimant had been in possession of the land levied on for four years and was a *bona fide* purchaser for a valuable consideration without notice of the plaintiff's judgment, the land would not be subject. The claimant, having bought two years before the date of the judgment, could not have had notice, and the jury may have been misled.

Judgment reversed.

March 13, 1883.

CRAWFORD, Justice.

---

## ROLIN *vs.* THE STATE OF GEORGIA.

1. A motion in arrest of judgment in a case of larceny from the house, predicated on the grounds that the indictment was so fatally defective that no legal judgment could be rendered thereon, that it did not charge the defendant with a violation of any penal law of this state, and that under it she should only have been sentenced for a misdemeanor, should specify the fatal defects in the indict-

ment and state the grounds which could compel a sentence for a misdemeanor instead of a felony.

(*a*.) In this case the offence of larceny from the house was charged in the language of the Code, and it was substantially alleged that the property charged to be stolen exceeded the value of fifty dollars. Code, §4414.

2. The verdict was supported by the evidence.

Judgment affirmed.

April 24, 1883.

HALL, Justice.

---

## WOSTENHOLMS *vs*. THE. STATE OF GEORGIA.

1. Under an indictment containing a single count for assault with intent to.murder by shooting, the prisoner may be convicted of the offence of shooting at another, that being a lesser offence of the same general character. 54 *Ga.*, 660; 51 *Ib.*, 144.

2. Where no ruling of the court below in respect to the form of a verdict in a criminal case has been invoked, but a bill of exceptions to the overruling of a motion in arrest of judgment on other grounds has been filed, the form of the verdict cannot be attacked for the first time in this court.

Judgment affirmed.

March 20, 1883.

CRAWFORD, Justice.

---

## GRAHAM *vs*. SELLERS.

Where suit was brought for a trespass which damaged "mill timber," it should appear that a trespass was committed upon mill timber. That trees were wrongfully used for the purpose of manufacturing turpentine, was not alone sufficient, where it was not shown that any of the trees so used were of that kind for damaging which suit was brought.

Judgment reversed.

April 24, 1883.

CRAWFORD, Justice.